[Crim. No. 13874. Fourth Dist., Div. One. Apr. 27, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO ROMERO CARDONA, Defendant and Appellant.

COUNSEL

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, A. Wells Petersen, Harley D. Mayfield, Frederick R. Miller, Jr., and Lillian Lim Quon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BROWN (Gerald), P. J.—Antonio Cardona appeals his conviction of first degree burglary (Pen. Code, §§ 459, 460), contending he is guilty only of second degree burglary as the house he entered was not inhabited at the time.

On September 12, 1981, Keith Fuller and his family moved out of the house they rented on Jefferson Street in Carlsbad. The Fullers spent the night of September 12 in their new home in Oceanside. They did not intend ever to spend another night at the Jefferson Street house. They, however, had paid rent on the house through September 15 and, as of September 13, had not completed moving all their belongings out of the house. On the night of September 13, Cardona broke into the Jefferson Street house with the intent to steal some of the Fullers' belongings that were still stored there. Cardona was caught redhanded by the Fullers, who had returned to the house to pick up some of their belongings.

Cardona was charged with first degree burglary. At trial, he argued he was guilty only of second degree burglary because the house was not inhabited at the time of the burglary. The superior court found the house was inhabited by the Fullers and found Cardona guilty of first degree burglary. The court found this is an unusual case under the criteria of California Rules of Court rule 416 and thus Penal Code section 462, prohibiting a grant of probation where defendant is convicted of first degree burglary, does not apply. Cardona was granted three years probation on the conditions he participate in an alcoholic rehabilitation program, report his employment status to his probation officer, violate no law and serve 307 days in custody with credit for 307 days served.

A burglary is of the first degree only if it is of an inhabited dwelling house during the nighttime (Pen. Code, § 460). Penal Code section 459 defines "inhabited" as it is used in section 460 as meaning "currently being used for dwelling purposes, whether occupied or not." The issue here is whether the Fullers continued to use the house on Jefferson Street for dwelling purposes after they permanently stopped sleeping there but had not yet moved all their belongings out or lost the right to possess the house.

Penal Code section 459 clearly states a house remains "inhabited" despite the fact it is empty at the time of the burglary. Furthermore, a house remains inhabited even if the burglary occurs while the residents are away for an extended period of time (*People* v. *Harris* (1968) 266 Cal.App.2d 426, 430 [72 Cal.Rptr. 423]; *People* v. *Stewart* (1952) 113 Cal.App.2d 687, 691 [248 P.2d 768]). ■ Where, however, the residents have moved out without the intent to return, the house becomes uninhabited, i.e., it is no longer being used for dwelling purposes, and a burglary of the house, even one occurring within a few days after the residents vacate, cannot be of the first degree (*People* v. *Valdez* (1962) 203 Cal.App.2d 559, 563 [21 Cal.Rptr. 764]). Such was the case here. Mr. Fuller testified his family had slept in their new house the night before the burglary and intended never again to occupy the Jefferson Street house. The continued use of that house for storage of belongings only was not sufficient to make the house inhabited; because a burglary is of the first degree only if it is of an inhabited house at night, the crucial element in determining whether a house is being used for dwelling purposes is whether anyone sleeps in it (*People* v. *Lewis* (1969) 274 Cal.App.2d 912, 921 [79 Cal.Rptr. 650]). There was no identifiable person here who used the house as sleeping quarters at the time of the burglary or intended to do so in the future.

Although no case directly on point has arisen in California, a finding the Jefferson Street house was uninhabited when the burglary occurred is supported by cases of other states. The facts of *Hayes* v. *State* (1937) 180 Miss. 291 [177 So. 360], are identical to those involved here. The court in that case found the house was uninhabited because the prior resident no longer had any intent to

use the house as his residence. *State* v. *Ferebee* (1979) 273 S.C. 403 [257 S.E.2d 154], and *Santistevan* v. *People* (1972) 177 Colo. 329 [494 P.2d 75], hold a house is uninhabited as soon as the tenant vacates, despite the fact the house remains furnished; first degree burglary is a crime against habitation, not property. (See also *Tukes* v. *State* (Fla. 1977) 346 So.2d 1056; *Smith* v. *State* (1920) 80 Fla. 315 [85 So. 911].)

The superior court based its finding the Jefferson Street house was inhabited at the time of the burglary on what it found to be Cardona's intent. The court focused on the danger posed by the burglary of an occupied house and found a first degree burglary conviction is justified if there is no way for the defendant to know the house will be empty at the time of the burglary. The subjective impressions of the defendant, however, are irrelevant; a house, for example, remains inhabited although the residents are away on vacation and the burglar knows it. The dispositive element is whether the person with the possessory right to the house views the house as his dwelling. The Fullers no longer used the Jefferson Street house as their dwelling and thus it was not inhabited when the burglary occurred.

█ Although the superior court erred in finding Cardona guilty of first degree burglary, we need not remand for resentencing. There is no doubt Cardona is guilty of second degree burglary; it is within our authority to modify the conviction to reflect the lesser offense. (See *People* v. *Valdez, supra,* 203 Cal.App.2d 559, 566.) The sentence imposed, probation without any further custody, is as lenient as Cardona could have expected following a conviction of second degree burglary.

The judgment is modified to find Cardona guilty of second degree burglary only. As modified, the judgment is affirmed.

Staniforth, J., and Butler, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 13, 1983.