[No. E009612. Fourth Dist., Div. Two. Sept. 8, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
RAFAEL AGUIRRE HERNANDEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III, IV, V, VI, VII, VIII, and IX.

## COUNSEL

Robison D. Harley, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steven H. Zeigen and Carl H. Horst, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DABNEY, J.**—Defendant Rafael Aguirre Hernandez was convicted by a jury of first degree burglary (Pen. Code,[1] § 459). The court found true the special allegations that Hernandez had suffered a prior conviction for residential burglary (§ 667) and a prior conviction for possession of a controlled substance for sale (§ 667.5, subd. (b).) The court sentenced Hernandez to the middle term of four years for the burglary, a consecutive term of five years for the section 667 prior, and a consecutive term of one year for the section 667.5, subdivision (b) prior.

On appeal, Hernandez contends (1) the evidence was insufficient to support his conviction for burglary of an inhabited dwelling; (2) the court

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

gave conflicting and confusing instructions on the definition of an inhabited dwelling; (3) the court erroneously refused to give requested instructions on the definition of an inhabited dwelling; (4) the unjustified use of physical restraints violated his constitutional rights; (5) the court erred in refusing to allow him to set aside his prior conviction; (6) the court erroneously refused a requested defense instruction on the lesser related offense of unauthorized entry into a noncommercial dwelling; (7) the court erred in using prior convictions for impeachment; (8) the court erred in failing to discharge a juror for nondisclosure of her relationship to the victim; and (9) the section 667 enhancement should be stricken because it was not proved beyond a reasonable doubt.

## FACTS

On September 1, 1990, Stephen Kirkreit and his family moved all their furniture and personal belongings to a new apartment on Mitchell Avenue in Riverside, leaving nothing behind at their old apartment. The utilities had been turned on at the new apartment. The Kirkreits finished moving at 9 p.m. and spent the night with relatives because nothing was unpacked.

The next morning they returned to the Mitchell Avenue apartment and found the front door, which had been left locked, was wide open. Their VCR, stereo receiver, and some clothing were missing. They did not spend the night at the Mitchell Avenue apartment until September 3.

Police officers discovered fingerprints on a piece of glass from a broken rear window which was determined to have been the point of entry. An expert witness testified that the prints matched those of Hernandez. In the expert witness's opinion, the prints had been made by someone reaching through the broken window from the outside.

*Defense.* Hernandez knew the former tenants of the Mitchell Avenue apartment and had spent the night with them several times. During his visits, he had entered the bedroom with the broken window and had touched the window. He denied he had entered the apartment the night of the burglary and denied taking property from the apartment.

Residents of another apartment on Mitchell Avenue testified they had seen Hernandez visiting the former tenants. They testified the Kirkreits did not actually begin staying at the Mitchell Avenue apartment for more than two weeks after they moved their property there because the apartment had to be fumigated for cockroaches.

DISCUSSION

I

*Sufficiency of Evidence of Residential Burglary*

A. *Standard of Review.*

■ "When the sufficiency of the evidence is challenged on appeal, the court must review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence—i.e., evidence that is credible and of solid value—from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." [Citations.] (*People* v. *Green* (1980) 27 Cal.3d 1, 55 [164 Cal.Rptr. 1, 609 P.2d 468], overruled on another ground in *People* v. *Hall* (1986) 41 Cal.3d 826 [226 Cal.Rptr. 112, 718 P.2d 99].)

B. *Evidence That Residence Was Inhabited.*

■ Hernandez contends the evidence was insufficient to support his conviction of first degree burglary because the evidence did not show the residence was inhabited within the meaning of section 460, subdivision (a) when the burglary was committed.[2] The Kirkreits had never slept in the apartment before the burglary and had not unpacked their belongings. They did not begin sleeping at the apartment until after the burglary. Hernandez contends that the crucial element for whether a house is inhabited is whether anyone sleeps there. (*People* v. *Lewis* (1969) 274 Cal.App.2d 912, 921 [79 Cal.Rptr. 650].)

In *People* v. *Cardona* (1983) 142 Cal.App.3d 481 [191 Cal.Rptr. 109], the court stated, "[B]ecause a burglary is of the first degree only if it is of an inhabited house at night, the crucial element in determining whether a house is being used for dwelling purposes is whether anyone sleeps in it [citation]." (*Id.*, at p. 483.) However statutory amendments have eliminated the requirement that a burglary take place at night for it to be first degree burglary. (Stats. 1982, ch. 1297, § 1, p. 4786.) Thus, the Legislature has rejected the view, expressed in prior case law, that the use of a house as sleeping quarters is critical. (Cf. *Lewis, supra,* 274 Cal.App.2d at pp. 920-921.) Rather, such use is merely one circumstance the fact finder may consider.

To support his argument that the apartment was uninhabited, Hernandez cites *People* v. *Valdez* (1962) 203 Cal.App.2d 559 [21 Cal.Rptr. 764]. In *Valdez*, a burglary of a house took place on March 9, 1961. The previous

[2]Section 460, subdivision (a) states, "Every burglary of an inhabited dwelling house . . . , or the inhabited portion of any other building, is burglary of the first degree." Section 459 defines " 'inhabited' " to mean "currently being used for dwelling purposes, whether occupied or not."

tenant had moved out a week earlier, and the owner had rented the premises to a new tenant whose occupancy was scheduled to begin on March 13. The new tenant had not moved any belongings into the house and had not had the utilities connected. (*Id.*, at pp. 562-563.) The court held that the burglary could not be of the first degree because no one resided there. (*Id.*, at p. 563.)

In *Cardona, supra*, 142 Cal.App.3d 481, a burglary of a house took place on September 13, 1981. A family had moved out of the house and had spent the night of September 12 in their new residence. However, they had not completed moving their belongings from the house, and they had paid rent there until September 15. (*Id.*, at p. 482.) The court held that the defendant could not have been convicted of first degree burglary, because the house was no longer inhabited. The court stated the house became uninhabited when the tenants moved out, not intending to return there to live. (*Id.*, at p. 483.)

In *People* v. *Jackson* (1992) 6 Cal.App.4th 1185 [8 Cal.Rptr.2d 239], the court held that a dwelling continued to be inhabited because a tenant who intended to move out had never vacated the premises, but was still using the house at the time of the robbery. (*Id.*, at p. 1189.)

Here, the Kirkreits had had the utilities connected and had moved all of their belongings into the Mitchell Avenue apartment, intending to occupy it as their residence. The evidence reasonably supported a jury finding that although the Kirkreits had not yet slept there, the apartment was occupied by them as a place of settled residence from which they were merely temporarily absent. We conclude the evidence was sufficient for the jury to find that the apartment was inhabited at the time of the burglary.

II-IX*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and McDaniel, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied November 24, 1992.

---

*See footnote, *ante*, page 438.

†Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.