[No. A063974. First Dist., Div. Two. Jan. 13, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
SILBINO PAZ ROJOS, Defendant and Appellant.

COUNSEL

Jo Anne Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ann K. Jensen and George F. Hindall III, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

HAERLE, J.—

## I. INTRODUCTION

Appellant appeals from his conviction for first degree burglary in connection with an incident occurring at a ranch in Sonoma County. He contends, on two separate but interrelated bases, that his conviction on this count cannot stand because (a) the crime of first degree burglary is contingent upon the building in question being inhabited by a person with a "possessory right" thereto and (b) that circumstance did not obtain in this case. We reject appellant's attempt to graft an additional "possessory right" requirement onto the code sections in question and affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Most of the factual background was disputed; a little was not. Among the undisputed elements were that appellant and one Lydia Luna (Luna) had known each other for several years from their work at or association with the Kunde Ranch in Kenwood, Sonoma County. Appellant was a worker at the ranch and Luna someone who had some prior association with the ranch, but at the time in question (May 1993) was apparently just selling beer to ranch employees after their work. It was also undisputed that Luna was occupying a cabin on the ranch.

In the disputed category, however, was the issue of whether that occupation was with the consent of the Kunde ownership/management or not. According to appellant, the ranch foreman and a deputy sheriff it was not. Luna, however, testified that the owners of the ranch had given her permission to stay at the cabin in question because she had worked for them in the past.

Likewise in dispute were the events of May 29, 1993. Luna, who claimed that she had been raped on a previous occasion by appellant at the Kunde Ranch, testified that while she was sleeping at the cabin in question she was awakened by a noise coming from the window near her bed. She saw the appellant outside the window trying to slide it open. Appellant said that he "needed a woman" and she took this to mean he intended to rape her. She repeatedly told him "no" and tried to close the window, but appellant held it open. Appellant reached through the window with a knife in his hand; Luna tried to dodge the knife, but still held on to the window. Appellant reached in and grabbed Luna's hand, refusing her request to release her. Luna hit appellant's hand with a small flashlight; later, she noticed her own hand was cut and bleeding.

Appellant then told Luna he was going to kill her, hit her on the forehead, and pushed her head down. Luna ran to the door of the cabin trying to escape, but observed that someone was trying to twist the doorknob from the other side. She called out for help and when it arrived appellant was gone from the exterior of the cabin.[1]

Appellant was arrested, charged and tried on three counts: first degree burglary (Pen. Code, §§ 459, 460), assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and assault with intent to commit rape (Pen. Code, § 220). During the course of the jury trial the defendant moved to dismiss the first degree burglary charge on the basis there was no substantial evidence to support it. The court reserved its ruling on this motion but ultimately rejected it. After the presentation of evidence on both sides the jury found appellant guilty on all counts. The court sentenced the appellant to the middle term of four years for the assault with intent to commit rape, plus a weapons-use enhancement of one year, for a total state prison term of five years, less credits for time served. The court stayed any sentencing on the remaining counts pursuant to Penal Code section 654.

Appellant filed a timely notice of appeal, but appeals only with respect to the conviction for first degree burglary.

### III. DISCUSSION

As noted above, appellant's only grounds of appeal relate to the first degree burglary conviction. Although argued under two separate headings,

---

[1] Appellant took the stand in his own defense; his testimony of the events on the night in question contradicted those of Luna in many material respects. However, in view of the jury's verdict and the sole issue presented on this appeal, it is unnecessary to recite his version of these events.

essentially appellant's point is a single one: a conviction under these Penal Code sections may only lie when the building in question is "inhabited" by someone with a possessory right. Inasmuch as the evidence was largely to the effect that Luna did not have any possessory right to the Kunde Ranch cabin she was occupying on the night in question, appellant argues that he cannot be guilty of first degree burglary. He contends, first of all, that there was a failure of proof of an essential element on the part of the prosecution and, secondly, that the court was required to instruct the jury that if Luna was a trespasser or "squatter" on the Kunde property, any burglary could not be first degree. Appellant thus requests that we modify the judgment to one for second degree burglary under the authority of *People* v. *Cardona* (1983) 142 Cal.App.3d 481 [191 Cal.Rptr. 109].

We find appellant's argument, although adroit, to be unsupported by any precedent and, in fact, to run contrary to significant case law with respect to the rationale for the distinction between first degree and second degree burglary. We thus reject his invitation to graft the "possessory right" qualification onto Penal Code sections 459 and 460.

Appellant refers us to a number of cases from outside of California to support his argument that a "possessory right" is or should be an essential factor to sustain a first degree burglary conviction. But we need not make that journey; although never addressing the specific issue appellant raises, the courts of this state have had ample opportunity to discuss the rationale for the "inhabited" term in the language of Penal Code sections 459 and 460.[2] The leading case regarding this rationale is *People* v. *Lewis* (1969) 274 Cal.App.2d 912 [79 Cal.Rptr. 650] in which the court explained that the greater punishment for first degree burglary reflects the Legislature's recognition of "the dangers to personal safety created by the usual burglary situation—the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime or to escape and the danger that the occupants will in anger or panic react violently to the invasion, thereby inviting more violence." (*Id.* at p. 920.) Our Supreme Court quoted the critical language in *Lewis* approvingly in *People* v. *Gauze* (1975) 15 Cal.3d 709, 715 [125 Cal.Rptr. 773, 542 P.2d 1365].

---

[2]Insofar as pertinent here, these sections provide:

"Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building . . . with intent to commit . . . any felony is guilty of burglary. As used in this chapter, 'inhabited' means currently being used for dwelling purposes, whether occupied or not." (Pen. Code, § 459.)

"(a) Every burglary of an inhabited dwelling house . . . or trailer coach, as defined by the Vehicle Code, or the inhabited portion of any other building, is burglary of the first degree. [¶] (b) All other kinds of burglary are of the second degree." (Pen. Code, § 460, subds. (a), (b).)

So have we: this Court followed the reasoning in *Lewis* in our decision in *People* v. *Parker* (1985) 175 Cal.App.3d 818 [223 Cal.Rptr. 284] in which we were faced with the argument that a first degree burglary conviction should be reversed because the defendant did not know that the building in question was "inhabited." That makes no difference, we said, because the purpose of the greater penalty attached to the crime of first degree burglary was to address the "dangers to personal safety" noted in *Lewis*. We went on to say: "These dangers arise whenever a burglar enters a residence and are not eliminated or even diminished simply because the burglar does not know that he is entering a residence. On the contrary, his surprise at having unexpectedly entered a residence may make the situation more volatile. If we were to permit the burglar's ignorance to shield him from the punishment for first degree burglary, despite the fact that he has, in fact, burglarized a residence, we would weaken the protection against residential burglary and frustrate the policy behind the enhanced penalty provided by section 460, subdivision 1. Conversely, our rejection of defendant's claim strengthens the deterrent effect of section 460 by putting a potential burglar on notice that he enters any building at his own peril and risks more severe punishment if it turns out to be a residence." (*People* v. *Parker, supra,* 175 Cal.App.3d at pp. 823-824.)

To the same effect are at least three other Court of Appeal decisions. (See *People* v. *Wilson* (1989) 208 Cal.App.3d 611, 615 [256 Cal.Rptr. 422]; *People* v. *Thomas* (1991) 235 Cal.App.3d 899, 906 [1 Cal.Rptr.2d 434]; *People* v. *Nible* (1988) 200 Cal.App.3d 838, 844 [246 Cal.Rptr. 119].) The point made in all of these cases is exactly that made in *Lewis*, namely, that the "inhabited building" distinction between first and second degree burglary is designed to protect the personal safety of the "inhabitants."

This being the case, of what possible difference is it whether the inhabitant of the building in question has a "possessory right" to the premises or not? Should we give a tenant who is "holding over" in a dispute with his/her landlord over the validity of an eviction notice less protection than one as to whom there is no dispute? Or, to come at it from another direction, is a burglary only second degree when undertaken on a house on which escrow has closed but where the sellers have somehow neglected to finish moving themselves and their last possessions out? These questions answer themselves. In this case, appellant (and apparently many others) knew that Luna was occupying the cabin in question. If there was a dispute about her right to occupy those premises, that was a matter between her and the Kunde Ranch management (or, under some circumstances, perhaps the sheriff). But it should not and does not make any difference as far as the application of the relevant Penal Code provisions to the building in question.

## IV. DISPOSITION

The judgment of conviction for first degree burglary is affirmed.

Kline, P. J., and Smith, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 12, 1995.