NICHOLSON, J., Concurring and Dissenting.
I concur in part II of the majority’s opinion, but I dissent as to part I. I would affirm the first degree burglary conviction.
I agree with the majority opinion’s well-crafted summary of the statutory scheme and common law underpinnings of first degree burglary under Penal Code sections 459 and 460. Nonetheless, I would reach a different conclusion in this case of first impression. I would hold that the burgled house was an inhabited dwelling because, at the time of the burglary, the owner intended to return to it as his residence.
Mersa Noor bought the house in question in 2006 or 2007 and lived in it. There can be no doubt that it was an inhabited dwelling then. In 2008, Noor moved out of the house and rented it to Barbara Mattos. There can also be no doubt that the house was an inhabited dwelling when Mattos lived in it. Then, in 2011, Noor decided to move back into the house, which required Mattos to move out. The burglary occurred after Mattos finished moving her belongings out of the house and before Noor started moving his belongings into the house. The house was not abandoned at that point; instead, it was merely in transition from the possession of a tenant back to possession of the owner.
In my view, this is akin to the vacation home scenario. (See People v. DeRouen (1995) 38 Cal.App.4th 86, 91-92 [44 Cal.Rptr.2d 842], disapproved on other grounds in People v. Allen (1999) 21 Cal.4th 846, 866 [89 Cal.Rptr.2d 279, 984 P.2d 486].) The owner uses it on occasion and may even rent it to others at times, but it never loses its character as an inhabited dwelling during that process. Though it is often unoccupied, it is still inhabited.
Where I depart from the majority’s analysis is the timing of the owner’s intent to return and occupy the house. The majority states that, for first degree *584 burglary, the owner must intend to return when he moves out. While the cases cited by the majority state that the relevant intent is whether the owner intended to return to the house when the owner left it, those cases did not involve an owner who moved out without the intent to return but developed the intent to return before the burglary. (See People v. Meredith (2009) 174 Cal.App.4th 1257 [95 Cal.Rptr.3d 297] [first degree burglary because owner intended to return when he moved out, even though owner may not have been able to return because he was on life support]; People v. Hernandez (1992) 9 Cal.App.4th 438, 441 [11 Cal.Rptr.2d 739] [first degree burglary because residents had moved in belongings and intended to live there even though they had not yet slept there]; People v Marquez (1983) 143 Cal.App.3d 797, 800 [192 Cal.Rptr. 193] [first degree burglary because, at time she left, owner intended to return to live there]; People v. Cardona (1983) 142 Cal.App.3d 481 [191 Cal.Rptr. 109] [second degree burglary because owner had moved out with no intent to live there again]; People v. Valdez (1962) 203 Cal.App.2d 559, 563 [21 Cal.Rptr. 764] [second degree burglary because no prior occupant intended to return].) In other words, none of the cases is on point.
If, as the majority appears to agree, the dispositive consideration on the issue of whether the burgled house was an inhabited dwelling is whether the owner intended to return and make it his residence, it seems to me that the more relevant timing of the intent is at the time of the burglary, not at the time the owner moved out of the house. I find it doubtful that the Legislature intended the first degree burglary statute to protect the owner’s past intentions over the owner’s present intentions.
“ ‘[Ajfter a man has established a house as his dwelling it retains this character so long as he intends it to be his place of habitation even though he and his entire household are away, unless it is actually taken from him against his will . . . .’ (Perkins on Criminal Law (2d ed. 1969) p. 203.)” (People v. Marquez, supra, 143 Cal.App.3d at pp. 801-802.) “The dispositive element is whether the person with the possessory right to the house views the house as his dwelling.” (People v. Cardona, supra, 142 Cal.App.3d at p. 484.)
I believe the better position is that the house is an inhabited dwelling if, at the time of the burglary, the owner, who lived in the house before, intends to return and make it his home again. I see no logical or policy reason to require that the owner’s intent in the past (when he left the house) prevail over the owner’s present intent. Indeed, it is the owner’s present intent to return to the house that makes the burglary more dangerous.
Here, there was sufficient evidence that, at the time of the burglary, Noor intended to move back into his house and make it, once again, his residence. The majority refers to the evidence as Noor’s “self-declared intent ... to *585 occupy the house in the future.” (Maj. opn., ante, at p. 582.) I see no reason to depreciate the evidence in this fashion. After all, this is a sufficiency of evidence review. Noor said that, at the time of the burglary, he intended to move into the house in the near future. To me, that, combined with the fact that he had lived there before, made the house an inhabited dwelling.