Filed 9/14/21  P. v. Savage CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ELMER GLENN SAVAGE, JR.,<br><br>    Defendant and Appellant. | F081014<br><br>(Super. Ct. No. CRF57838)<br><br>**OPINION** |

-ooOoo-

**THE COURT**<sup>*</sup>

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Lillian Hamrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Robert Gezi and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P.J., Detjen, J. and DeSantos, J.

1

Defendant Elmer Glenn Savage, Jr., was convicted by jury trial of two counts of first degree residential burglary relating to two different structures, grand theft of personal property, and three counts of second degree burglary. On appeal, he contends (1) there was insufficient evidence to support one of the first degree residential burglary convictions because the structure at issue was not inhabited at the time of the crime; (2) the prosecutor committed misconduct by misstating the evidence during closing argument; and (3) the abstract of judgment should be corrected to accurately reflect that he was convicted of second degree burglary in count 7. We will reduce one of the offenses (count 2) to second degree burglary and remand the matter to the trial court for resentencing and correction of the abstract of judgment. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On May 7, 2019, the Tuolumne County District Attorney filed an information charging defendant with two counts of first degree residential burglary (Pen. Code, § 459;[1] counts 1 and 2), three counts of second degree burglary (§ 459; counts 3, 7, and 8), grand theft of personal property (§ 487, subd. (a); count 4), vandalism over $400 (§ 594, subd. (a); count 5), and unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 6). As to all counts, the complaint further alleged defendant suffered two prior prison terms (§ 667.5, subd. (b)) and 16 prior felony convictions (§ 1203, subd. (e)(4)).

On February 19, 2020, the trial court granted defendant's motion for judgment of acquittal (§ 1118.1) as to count 6.

On February 20, 2020, a jury found defendant guilty of two counts of first degree residential burglary (counts 1 and 2), three counts of second degree burglary (counts 3, 7,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

and 8), and grand theft of personal property (count 4). He was found not guilty of vandalism over $400 (count 5).

On March 16, 2020, defendant was sentenced to an aggregate term of nine years four months as follows: on count 1, the aggravated term of six years; on count 2, 16 months to be served consecutively to count 1; on count 3, eight months to be served consecutively to count 1; on count 4, three years to be served concurrently to count 1; on count 7, eight months to be served consecutively to count 1; on count 8, eight months to be served consecutively to count 1.

On March 20, 2020, defendant filed a notice of appeal.

## FACTUAL SUMMARY

In July 2018, Ron Harding owned two properties—an almond orchard in Modesto and a cattle ranch in Tuolumne County. Harding split his time between both properties. The cattle ranch had two structures on it that were used as living quarters. Harding lived in one of the structures, and his son had lived in the other structure up until his death on July 1, 2018. Harding's son had lived on the cattle ranch property for approximately three years prior to his death. Harding testified that after his son's death, he used his son's house as a storage area.

In the early morning of July 22, 2018, three weeks after Harding's son's death, Deputy Christopher Hendee of the Stanislaus County Sheriff's Department received a call from another deputy informing him that he observed a pickup truck that "had a lot of property loaded up in the back which he felt was suspicious for the time of night and believed that it was possibly related to a burglary." Hendee intercepted and pulled the truck over. Defendant was in the driver's seat accompanied by a female passenger. Hendee discovered a dirt bike in the bed of the truck that was registered to Harding, along with various other items belonging to him.

3

Law enforcement contacted Harding at his Modesto property, and he confirmed the property in defendant's possession belonged to him. Harding stated that the items were from his cattle ranch in Tuolumne County. He said nobody had permission to be at the cattle ranch or to be in possession of the property. Harding then went to the scene of the traffic stop and identified his property and retrieved it. Afterwards, he went to the cattle ranch where he found broken chains and locks, doors that had been forced open, and other property that had been damaged or taken from both houses. He estimated approximately $22,000 in damage.

## DISCUSSION

### I. Sufficiency of the Evidence

Defendant contends there was insufficient evidence to find him guilty of first degree residential burglary in count 2 because Harding's son's home, which served as the basis of count 2, was not inhabited at the time of the burglary. The People concede and we agree.

In reviewing the sufficiency of the evidence, " 'we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*People v. Cravens* (2012) 53 Cal.4th 500, 507.) "We must presume in support of the judgment the existence of every fact that the trier of fact could reasonably deduce from the evidence." (*People v. Medina* (2009) 46 Cal.4th 913, 919.) "The conviction shall stand 'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." ' " (*Cravens*, at p. 508.)

To prove first degree residential burglary, the People must present evidence that the house was "being used for dwelling purposes, whether occupied or not," at the time of the crime. (§ 459, § 460, subd. (a).) "What this means is that a dwelling is inhabited if

4

the occupant is absent but intends to return and to use the house as a dwelling." (*People v. Ramos* (1997) 52 Cal.App.4th 300, 302.) "To put it plainly, a dead body is not using a house for a 'dwelling' and there is no way to say that a dead man is going to return or that he has an 'intent' of any kind." (*Ibid.*)

Here, the information charged defendant in count 2 with first degree burglary of Harding's son's home. At trial, Harding testified his son died on July 1, 2018. The burglary occurred on July 22, 2018. At no point did Harding indicate that someone else was using his son's house for dwelling purposes after his son's death. In fact, Harding testified that after his son passed away, he used the house as a storage area. Thus, at the time of defendant's entry of the house, the house was not inhabited within the meaning of section 459.

The evidence does not support a conviction of first degree burglary. We will reduce the offense to second degree burglary and remand the matter to the trial court for resentencing. (§ 1181, subd. (6); see *People v. Burkett* (2013) 220 Cal.App.4th 572, 583; *People v. Cardona* (1983) 142 Cal.App.3d 481, 484.) Our reversal of count 2 on this evidentiary issue renders moot defendant's claim of prosecutorial misconduct in connection with count 2.

## II. Abstract of Judgment

In a criminal case, the oral pronouncement of a sentence constitutes the judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *Mesa*, at p. 471 [to the extent a minute order diverges from the sentencing proceedings it purports to memorialize, it is presumed to be the product of clerical error].) Accordingly, courts may correct clerical errors at

any time, and appellate courts may order correction of an abstract of judgment that does not accurately reflect the oral pronouncement of sentence. (*Mitchell*, at pp. 185–188.)

In this case, the trial court orally imposed an eight-month sentence on count 7 for a violation of second degree burglary (§ 459), as charged in the information, but both the minute order and the abstract of judgment incorrectly reflect that the crime of conviction for count 7 was unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)). Accordingly, we direct the clerk of the court to amend the abstract of judgment and minute order.

## DISPOSITION

The judgment in count 2 is modified from first degree residential burglary to second degree residential burglary. The matter is remanded for resentencing. The trial court is directed to prepare an amended abstract of judgment and minute order reflecting that the conviction in count 2 is for second degree burglary and the conviction in count 7 is for second degree burglary (not unlawful driving or taking of a vehicle). The court is directed to forward copies to the appropriate entities.