**Jesus SOLIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–540–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1990.

Joseph E. Garcia, III, Portland, for appellant.

Thomas L. Bridges, Dist. Atty.'s Office, Sinton, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of the felony offense of burglary of a habitation. The trial court found the enhancement paragraph true and assessed punishment at 30 years' confinement. Appellant claims that the evidence is insufficient to support the judgment in that the State failed to prove that the burgled structure was a habitation under Tex.Penal Code Ann. § 30.01(1) (Vernon 1989). We affirm the trial court's judgment.

In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the prosecution and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

At the trial on October 24, 1988, Mr. Strait testified that he had owned the house for three years, but that no one had lived there full-time for about a year. He testified that the house was ready to be moved into, and was a "complete, ready-to-live-in" house. He testified that water and electricity were connected and the house was furnished, including stove, refrigerator, and dining table. There was also an addition which was not completed, and items were stored there. Mr. Strait testified that at the time of trial no bed was in the house, but he did not recall whether, at the time of the offense (August 21, 1988), the bed was still there or whether his daughter had taken it.

Mrs. Strait testified that the utilities had always been connected. She testified that her husband had lived there during a marital separation, and that the last occupants were his parents, who were ill at the time. She testified that the furnishings included a bed, dishes, and silverware, and that the daughter got the bed after school started.

Appellant testified that the house was obviously abandoned, the refrigerator was empty, the lights did not work, and there were no beds. In his brief, appellant argues that the intended use of the structure was for storage and that Mr. Strait testified that before someone could live in it, a bed would have to be moved there. A reading of this testimony shows that Mr. Strait was acknowledging that a bed would be needed at the time of trial. However, the status of the house at the time of the offense is the relevant query. There was testimony by Mrs. Strait from which the jury could conclude that the bed was there at that time.

Appellant testified that he stopped because he and his wife were wanting to rent a house. He admitted that he had taken the items from the main house, not from the addition. The items taken included an electric oven, a box fan, a coffee maker and coffee pot, dish towels, and disposable razors.

Tex.Penal Code Ann. § 30.01(1) (Vernon 1989) defines a "habitation" as "a structure or vehicle that is adapted for the overnight

accommodation of persons...." The most recent explanation of the test by the Court of Criminal Appeals is in *Blankenship v. State*, 780 S.W.2d 198 (Tex.Crim.App.1989). In *Blankenship*, the Court discusses its previous holdings as well as the concurrence in *Chandler v. State*, 743 S.W.2d 736, 744 (Tex.App.—Corpus Christi 1987, pet. granted). The *Blankenship* opinion states,

> What makes a structure "suitable" or "not suitable" for overnight accommodation is a complex, subjective factual question fit for a jury's determination. Their inquiry could be guided by whether someone was using the structure or vehicle as a residence at the time of the offense; whether the structure or vehicle contained bedding, furniture, utilities, or other belongings common to a residential structure; and whether the structure is of such a character that it was probably intended to accommodate persons overnight (e.g. house, apartment, condominium, sleeping car, mobile home, house trailer). All of these factors are relevant; none are essential or necessarily dispositive.
>
> The determination whether a burglarized place is a "building" or "habitation" will be overturned on appeal only if the appellant can show that no reasonable trier of fact could have found the place to have been a habitation under the criteria above.

*Blankenship*, 780 S.W.2d at 209–210.

The house in *Blankenship* had been vacant for about two years at the time of the burglary. *Blankenship*, 780 S.W.2d at 199. However, it had been lived in, had a living room and bedrooms, was wired for electricity and had water available, had air conditioners installed, and was used to store furniture. The facts in the case at bar, if anything, are more strongly in favor of the house being a habitation, since evidence showed that the utilities were connected and the house was furnished not only with a bed at the time of the offense, but even with eating utensils, small appliances, and dish towels. We overrule point one.

We AFFIRM the trial court's judgment.