[No. B165974. Second Dist., Div. Five. Sept. 9, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
RALPH RODRIGUEZ, Defendant and Appellant.

COUNSEL

Dale Dombkowski, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Linda C. Johnson and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MOSK, J.**—A jury convicted defendant and appellant Ralph Rodriguez (appellant) of first degree burglary under Penal Code[1] section 459. Following a separate nonjury trial on appellant's prior criminal record, the trial court found that appellant had two prior Texas convictions for burglary—one in 1974 and the second in 1992—a prior Texas conviction for attempted burglary in 1989, a prior Texas conviction for robbery in 1976, and that all four prior convictions qualified for purposes of sentencing enhancements as serious felonies under sections 667 and 1170.12, and as defined by section 1192.7, subdivision (c).[2] The trial court denied appellant's motion to strike three of the four prior felony convictions and sentenced appellant to serve 25 years to life for the California burglary offense, plus 5 consecutive years for each of the four prior Texas felony convictions, for a total sentence of 45 years to life.

Appellant challenges the trial court's findings concerning the prior felony convictions and the sentences imposed for those convictions, contending that the evidence was insufficient to prove that each of the prior offenses is a serious felony under California law. We hold that the evidence was insufficient to prove beyond a reasonable doubt as to each of appellant's four prior Texas convictions that those convictions contained all of the elements of a serious felony under California law. We accordingly reverse the trial court's findings concerning the prior convictions and the sentence enhancements imposed as a result of those convictions and remand for a retrial as to whether any of the prior Texas convictions qualifies as a serious felony under California law and for resentencing consistent with the results of the retrial.

---

[1] All further statutory references are to the California Penal Code unless otherwise stated.

[2] The term "serious felony" refers to the crimes specified by those sections. The trial court did not find the offenses to be violent felonies as defined by section 667.5, subdivision (c). (See § 1170.12, subd. (b)(1).)

## BACKGROUND

An information charged appellant with first degree burglary, in violation of section 459, and alleged that he previously had been convicted of offenses that qualified as serious or violent felonies under sections 1170.12, subdivisions (a) through (d), and section 667, subdivisions (b) through (i). The prior offenses were all from the State of Texas and consisted of a 1976 conviction for robbery; 1974 and 1992 convictions for burglary; and a 1989 conviction for attempted burglary.[3] At trial, appellant's prior convictions, as well as the special circumstances allegations of his California burglary, were bifurcated from the rest of the charges. The trial court subsequently granted a motion by the prosecutor to strike the special circumstances allegations of the California burglary offense.

A. *Evidence of 1976 Texas Robbery Conviction.*

The evidence presented concerning appellant's 1976 Texas robbery conviction included a judgment dated March 15, 1976 and a document captioned "Sentence." The judgment states that appellant had been indicted for "Aggravated Robbery"[4] committed on June 22, 1975, "but upon motion of the state the offense was reduce [*sic*] to robbery. The defendant on trial for Robbery." The judgment further states that appellant had "waived arraignment and formal reading of the indictment and in open court, pleaded guilty to the charge contained in the indictment." The Sentence states that appellant was sentenced to "not less than 2 years nor more than 3" after having "been adjudged guilty of Robbery."

B. *Evidence of 1974 Texas Burglary Conviction.*

The evidence concerning appellant's 1974 burglary conviction includes a grand jury indictment from the November/April 1971–1972 term of the District Court of Fort Bend County, Texas, alleging that on December 6, 1971, in the County of Fort Bend, Texas, appellant "did then and there unlawfully by force, threats, and fraud, break and enter a house there situate

---

[3] The information also alleged that appellant had three prior Texas convictions for which he served prison terms within the meaning of section 667.5, subdivision (b). These allegations were stricken at the conclusion of the trial and are not at issue in this appeal.

[4] At the time of appellant's offense, Texas Penal Code section 29.03 defined aggravated robbery as a robbery committed by a person who "[¶] (1) causes serious bodily injury to another person; or [¶] (2) uses or exhibits a deadly weapon." The statute was amended in 1989 to add as a third alternative, "causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the person is: [¶] (A) 65 years of age or older; or [¶] (B) a disabled person."

[*sic*] and occupied and controlled by Janie Garza and with the intent then and there fraudulently to take from the said house corporeal personal property therein being, and belonging to the said Janie Garza, from the possession of the said Janie Garza, without his consent, and with the intent to deprive the said Janie Garza, the owner of said corporeal personal property, of the value thereof, and to appropriate the same to the use and benefit of him, the said Ralph Rodriguez." The grand jury indictment contains no case number.

There is evidence of a March 25, 1974 judgment of the District Court of Fort Bend, Texas in case No. 9418, stating that appellant pled guilty to the offense of burglary and a March 26, 1974 document entitled "Sentence," also from the District Court of Fort Bend, Texas in case No. 9418, stating that appellant was sentenced to two years after having been adjudged guilty of burglary. The record contains several documents from the District Court of Harris County, Texas that appear to be unrelated to the 1974 burglary conviction, including two copies of a January 24, 1973 judgment in case No. 184732 stating that appellant was guilty of theft committed on September 11, 1972; two copies of an order dated December 20, 1973, revoking probation and sentencing in case No. 184732; a June 5, 1972 judgment in case No. 171301 stating that appellant was found guilty of unlawfully selling a narcotic drug; an order dated March 18, 1974, revoking probation and sentencing in case No. 171301; and a record of appellant's fingerprints from the Texas Department of Corrections in Huntsville, Texas.

C. *Evidence of 1992 Texas Burglary Conviction.*

The evidence concerning appellant's 1992 burglary conviction consists of a judgment dated March 18, 1992, from the District Court of Harris County, Texas, stating that appellant pled guilty to "[b]urglary of a habitation with intent to commit theft and having been twice before convicted of a felony," and that he received a sentence of 30 years. The judgment designates the "degree" of appellant's offense as "1st." A handwritten notation in the upper right hand corner of the second page of the judgment states "Rodriguez 588272."

The evidence also includes a grand jury indictment from the District Court of Harris County, Texas in case No. 588272 alleging that, on February 6, 1991, appellant did, "with intent to commit theft, enter a habitation owned by Julie Rangel, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind."

D. *Evidence of 1989 Texas Attempted Burglary Conviction.*

The evidence concerning appellant's 1989 attempted burglary conviction contains a "judgment on plea of guilty or nolo contendere before court waiver of jury trial" from the District Court of Harris County, Texas, stating that appellant was convicted of "attempted burglary of a habitation with intent to commit burglary of a habitation" and received a seven-year sentence. The judgment designates the "degree" of appellant's offense as "2nd." There is also a fingerprint record that lists appellant's crime as "ATT BURG HABIT (1)."

## DISCUSSION

A. *Applicable Legal Standards.*

California's "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12) provides longer sentences for persons convicted of a felony who have been previously convicted of a violent felony, as defined in section 667.5, subdivision (c), or a serious felony, as defined in section 1192.7, subdivision (c). A prior conviction that qualifies as a violent or serious felony is commonly known as a "strike." (*People v. Barragan* (2004) 32 Cal.4th 236, 239 [9 Cal.Rptr.3d 76, 83 P.3d 480].) A defendant convicted of a felony who has one or more strikes must be sentenced for the current offense under the Three Strikes law. (§§ 667, subd. (f)(1), 1170.12, subd. (d)(1).) If the defendant has two or more prior convictions that constitute strikes, the defendant must receive an indeterminate life sentence to state prison, the minimum term being 25 years. (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A).) When a person has been convicted of a serious felony, an additional five year prison term must be imposed for any prior conviction that qualifies as a serious felony. (§ 667, subd. (a)(1).)

A conviction in another jurisdiction qualifies as a strike if it contains all of the elements required for a crime to be deemed a serious or violent felony in this state. (§ 667, subd. (d)(2); *People v. Woodell* (1998) 17 Cal.4th 448, 453 [71 Cal.Rptr.2d 241, 950 P.2d 85].) A conviction qualifies for the five-year enhancement under section 667, subdivision (a)(1) if it includes all the elements of a serious felony. The prosecution has the burden of proving beyond a reasonable doubt each element of a prior conviction used to enhance a defendant's sentence. (*People v. Williams* (1990) 222 Cal.App.3d 911, 915 [272 Cal.Rptr. 212].) In determining the truth of the existence of a prior felony conviction in another jurisdiction for purposes of the Three Strikes and other enhancement laws, "the [trier of fact] may look to the entire

record of the conviction to determine the substance of the prior foreign conviction; but when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law." (*People v. Guerrero* (1988) 44 Cal.3d 343, 354–355 [243 Cal.Rptr. 688, 748 P.2d 1150].)

■ "When, as here, a defendant challenges on appeal the sufficiency of the evidence to sustain the trial court's finding that the prosecution has proven all elements of the enhancement, we must determine whether substantial evidence supports that finding. The test on appeal is simply whether a reasonable trier of fact could have found that the prosecution sustained its burden of proving the enhancement beyond a reasonable doubt." (*People v. Fielder* (2004) 114 Cal.App.4th 1221, 1232 [8 Cal.Rptr.3d 247].) In making this determination, we review the record in the light most favorable to the trial court's findings. (*Ibid.*)

The Attorney General contends that appellant did not raise at trial the same arguments concerning sufficiency of the evidence that appellant presents on appeal and that he therefore forfeited them. Generally "issues of sufficiency of the evidence are never waived." (*People v. Neal* (1993) 19 Cal.App.4th 1114, 1122 [24 Cal.Rptr.2d 129].) The issues in this case all involve sufficiency of the evidence to support enhancements. Accordingly, we address appellant's contentions.

## B. *1976 Texas Robbery Conviction.*

Appellant contends the evidence of his 1976 Texas robbery conviction was insufficient to show that he had committed a serious felony under California law because two necessary elements of robbery under California law, asportation and the taking of property from the person or his or her immediate presence, are not elements of robbery in Texas and because the record contains no evidence that the Texas robbery conviction involved asportation or taking of property from the person or his or her immediate presence. We conclude that the evidence was not sufficient to establish either of these elements.

### 1. *Robbery Under California Law*

■ In California, robbery is a serious felony that qualifies as a prior strike and requires a five year sentencing enhancement. (§§ 1192.7, subd. (c)(19), 667, subd. (a)(1), (4).) That offense is defined as follows: "Robbery is the felonious *taking* of personal property *in the possession of another, from his person or immediate presence*, and against his will,

accomplished by means of force or fear." (§ 211, italics added.) "Taking" is an element of the crime of robbery (*People v. Nguyen* (2000) 24 Cal.4th 756, 761 [102 Cal.Rptr.2d 548, 14 P.3d 221]; see also 2 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Crimes Against Property, § 90, p. 119), and consists of "two necessary elements, gaining possession of the victim's property and asporting or carrying away the loot." (*People v. Cooper* (1991) 53 Cal.3d 1158, 1165 [282 Cal.Rptr. 450, 811 P.2d 742].) Asportation is thus an element of robbery in California. (See *People v. Lopez* (2003) 31 Cal.4th 1051, 1054 [6 Cal.Rptr.3d 432, 79 P.3d 548].)

### 2. *Robbery Under Texas Law*

At the time of appellant's Texas robbery, Texas Penal Code section 29.02 defined robbery as "an offense, if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, [the defendant] [¶] (1) intentionally, knowingly or recklessly causes bodily injury to another; or [¶] (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." In Texas, "actual commission of the offense of theft is not prerequisite to commission of a robbery[.]" (*Earl v. State* (Tex.Crim.App. 1974) 514 S.W.2d 273, 274.)

Texas Penal Code section 29.01 defined "in the course of committing theft" as "conduct that occurs in an attempt to commit, during the commission, or in the immediate flight after the attempt or commission of theft." "Theft" was defined in pertinent part as "an offense if, with intent to deprive the owner of property: [¶] (1) [the defendant] obtains the property unlawfully; or [¶] (2) [the defendant] exercises control over the property, other than real property, unlawfully. [¶] . . . Obtaining or exercising control over property is unlawful if: [¶] (1) the actor obtains or exercises control over the property without the owner's effective consent; or [¶] (2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen." (Tex. Pen. Code, former § 31.03.)

■ Thus, under Texas law, asportation has not been an element of robbery (see *Watson v. State* (Tex.Crim.App. 1976) 532 S.W.2d 619, 622 ["under the new Penal Code there is no requirement that in every robbery case there must be a fraudulent taking of property as an essential element of the case as was required under the former Code"]; see also *Earl v. State, supra,* 514 S.W.2d at p. 274 [listing elements of robbery]), nor has there been any requirement for robbery that property be taken from the person or immediate presence of one in possession of that property (*Watson, supra,* 532 S.W.2d at p. 622).

### 3. *Sufficiency of the Evidence of Robbery Conviction*

■ As the Attorney General concedes, the record concerning appellant's Texas robbery does not disclose the facts of that offense. We must accordingly presume that the 1976 conviction was for the least offense punishable under Texas law. (*People v. Guerrero, supra,* 44 Cal.3d at pp. 354–355.) Under the applicable Texas law, the offense of robbery did not require either asportation or the taking of property from the person or his or her immediate presence; both of these elements are necessary for robbery under California law. Because there is no evidence that appellant's robbery involved either asportation or taking property from the person or his or her immediate presence, the trial court's finding that appellant's Texas robbery conviction satisfied all of the elements of robbery under California law is not supported by substantial evidence. It is therefore necessary to reverse and remand for a retrial as to whether appellant's Texas robbery conviction was a robbery or other serious felony under California law. (See *People v. Barragan, supra,* 32 Cal.4th at p. 239 [retrial of strike allegation permissible when trier of fact finds allegation to be true but appellate court reverses]; see also *People v. Scott* (2000) 85 Cal.App.4th 905, 915 [102 Cal.Rptr.2d 622] [when prior conviction allegation reversed on appeal due to insufficiency of evidence, proper procedure is remand for retrial on the allegation].)

### C. *1974 And 1992 Texas Burglary and 1989 Texas Attempted Burglary Convictions.*

Appellant contends the strikes and sentencing enhancements imposed for his 1974 and 1992 Texas burglary convictions and for his 1989 Texas attempted burglary conviction must be reversed because the evidence concerning these convictions was insufficient to show that the offenses were serious felonies under California law. With regard to the 1974 conviction, appellant maintains that Texas law at the time, unlike California law, did not require entry of a building with intent to commit larceny or any felony as an element of the crime of burglary. As to the 1974 and 1992 burglary convictions, as well as the 1989 attempted burglary conviction, appellant contends there was insufficient evidence to show entry into an "inhabited" dwelling or building, a necessary element under California law for first degree burglary. We agree.

### 1. *Burglary Under California Law*

■ California law deems first degree burglary a serious felony for the purpose of sentencing enhancements. (§§ 667, subd. (d)(1), 1192.7, subd. (c).) Burglary is defined as entry into a building or certain structures and vehicles "with intent to commit grand or petit larceny or any felony."

(§ 459.) First degree burglary is defined as "burglary of an inhabited dwelling house, vessel, . . . which is inhabited and designed for habitation, floating home, . . . or trailer coach, . . . or the inhabited portion of any other building. . . ." (§ 460, subd. (a).) Section 459 defines "inhabited" as "currently being used for dwelling purposes, whether occupied or not." " '[I]nhabited dwelling house' means a structure where people ordinarily live and which is currently being used for dwelling purposes. [Citation.]" (*People v. Fleetwood* (1985) 171 Cal.App.3d 982, 987 [217 Cal.Rptr. 612].) CALJIC No. 14.52 provides that an "inhabited dwelling house" is "a structure which is currently used as a dwelling whether occupied or not."

■ For purposes of the California first degree burglary statute, a structure "need not be occupied at the time; it is inhabited if someone lives there, even though the person is temporarily absent." (2 Witkin & Epstein, Cal. Criminal Law, *supra,* Crimes Against Property, § 114, p. 144; see *People v. Hughes* (2002) 27 Cal.4th 287, 354–355 [116 Cal.Rptr.2d 401, 39 P.3d 432] [apartment was inhabited even though occupant was in process of moving; her furnishings remained there, and she was present in apartment during daytime hours]; *People v. Hernandez* (1992) 9 Cal.App.4th 438 [11 Cal.Rptr.2d 739] [apartment was inhabited when tenants moved all of their belongings into it, but had not yet slept in it or unpacked]; *People v. Jackson* (1992) 6 Cal.App.4th 1185 [8 Cal.Rptr.2d 239] [dwelling continued to be inhabited because tenant who intended to move out had not vacated premises and was still using the house at time of robbery]; *People v. Marquez* (1983) 143 Cal.App.3d 797, 800, 802 [192 Cal.Rptr. 193] [house inhabited even though resident, under conservatorship, had been absent for two and a half years, because resident intended to return]; CALJIC No. 14.52 ["[an inhabited dwelling house] is inhabited although the occupants are temporarily absent"].) A structure that was once used for dwelling purposes is no longer inhabited when its occupants permanently cease using it as living quarters, and no other person is using it as living quarters. (*People v. Cardona* (1983) 142 Cal.App.3d 481, 483 [191 Cal.Rptr. 109] [house no longer inhabited when residents had moved and no identifiable person was currently using it as sleeping quarters]; *People v. Valdez* (1962) 203 Cal.App.2d 559 [21 Cal.Rptr. 764] [house not inhabited when previous tenant had moved out a week earlier and new tenant had not moved any belongings into house].)

■ Burglary of a structure that is not an "inhabited dwelling house" is burglary of the second degree (§ 460, subd. (b) ["all other kinds of burglary are of the second degree"]), and is not a serious felony for purposes of the Three Strikes and other sentencing enhancement laws. (See § 1192.7, subd. (c).) " '[T]he Legislature's distinction between first and second degree burglary is founded upon the risk of personal injury involved.' [Citations.] Burglary of business premises, even though such premises might have people on them, is not burglary of the first degree because it does not carry the

peculiar risks of violence and resulting injury which inhere in the burglary of a home. [Citation.] '[T]he fact that a building is used as a home . . . increases such danger: a person is more likely to react violently to burglary of his living quarters than to burglary of other places because in the former case persons close to him are more likely to be present, because the property threatened is more likely to belong to him, and because the home is usually regarded as a particularly private sanctuary, even as an extension of the person.' [Citation.]" (*People v. Hines* (1989) 210 Cal.App.3d 945, 950–951 [259 Cal.Rptr. 128], disapproved on another ground in *People v. Allen* (1999) 21 Cal.4th 846, 864–866 [89 Cal.Rptr.2d 279, 984 P.2d 486].)

### 2. *Burglary Under Texas Law*

In Texas at the applicable times, a person committed the crime of burglary when he or she, "without the effective consent of the owner . . . [¶] (1) enters a habitation, or a building or any portion of a building not then open to the public, with intent to commit a felony, theft, or an assault; or [¶] (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or [¶] (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." (Tex. Pen. Code, § 30.02.)

The Texas burglary statute in effect at the time of appellant's 1974 conviction made burglary of a habitation a first degree felony punishable by a prison term of not less than five years. (Tex. Pen. Code, §§ 30.02, subd. (d)(1), 12.32, subd. (a).)[5] Burglary of a building other than a habitation

---

[5] Section 30.02, subsection (d), of the Texas Penal Code in effect at the time of the offense that was the subject of appellant's 1974 conviction provided: "An offense under this section is a felony of the first degree if: [¶] (1) the premises are a habitation; or [¶] (2) any party to the offense is armed with explosives or a deadly weapon; or [¶] (3) any party to the offense injures or attempts to injure anyone in effecting entry or while in the building or in immediate flight from the building." Subsection (c) of the statute provided, "[e]xcept as provided in Subsection (d) of this section, an offense under this section is a felony of the second degree."

Subsections (c) and (d) of the statute were amended in 1993 to make burglary of a habitation a first degree felony if perpetrated with the intent to commit a felony other than felony theft. The 1993 amendment made burglary of a habitation a second degree felony; and burglary of a building other than a habitation a "state jail felony," (a felony punishable by confinement in a state jail facility rather than a penitentiary). (Tex. Pen. Code, § 30.02, subd. (c); see Elliston, Tex. Prac. Guide Crim. Prac. & Procedure (2004) ch.1.III.) Subsections (c) and (d) of amended section 30.02 provide: [¶] "(c) Except as provided in Subsection (d), an offense under this section is a: [¶] (1) state jail felony if committed in a building other than a habitation; or [¶] (2) felony of the second degree if committed in a habitation. [¶] (d) An offense under this section is a felony of the first degree if: [¶] (1) the premises are a habitation; and [¶] (2) any party to the offense entered the habitation with the intent to commit a felony other than felony theft." (Tex. Pen. Code, § 30.02, subds. (c), (d).) A 1995 amendment added the following language to subdivision (d)(2): "or committed or attempted to commit a felony other than felony theft" (Acts 1995, 74th Tex. Leg., ch. 318, § 8.)

was a second degree felony punishable by imprisonment for not less than 2 years. (Tex. Pen. Code, §§ 30.02, subd. (c), 12.33, subd. (a).)

Texas law has defined "habitation" as "a structure or vehicle that is adapted for the overnight accommodation of persons." (Tex. Pen. Code, § 30.01(1).) The standard for determining what constitutes a "habitation" under Texas law has changed over time. (See 6 Charlton, Tex. Criminal Law (2d ed. 2001) § 17.2.) Shortly after the adoption of the 1974 Texas Penal Code, the Texas Court of Criminal Appeals in *Jones v. State* (Tex.Crim.App. 1976) 532 S.W.2d 596 (*Jones*), overruled on another ground in *Moss v. State* (Tex.Crim.App. 1978) 574 S.W.2d 542, 545, also overruled on another ground in *Garrett v. State* (Tex.Crim.App. 1986) 749 S.W.2d 784, held that in order for a structure to be a "habitation," it "must at the time of the alleged offense have been actually 'adapted for the overnight accommodation of persons' or at least at some prior time used for the overnight accommodation of persons and still 'adapted for the overnight accommodation of persons.' " (532 S.W.2d at p. 600.) *Jones* involved a newly constructed house for which a contract of sale had been entered into, but in which no one was then living or had lived previously. The court concluded that the house was not a "habitation" at the time of the burglary. (*Ibid.*)

After *Jones*, *supra*, 532 S.W.2d 596, Texas courts looked to the condition of the structure at the time of the burglary to determine whether it was a "habitation" within the meaning of Texas Penal Code section 30.01. For example, in *Hargett v. State* (Tex.Crim.App. 1976) 534 S.W.2d 909, 910, the court concluded that the evidence was sufficient to sustain a conviction for burglary of a habitation when the house, a furnished rental unit, had been rented in the past and was rented at the time of the offense, although the new tenants had not yet moved in.

In 1989, the Texas Court of Criminal Appeals in *Blankenship v. State* (Tex.Crim.App. 1989) 780 S.W.2d 198 (*Blankenship*) adopted a new test for "habitation." In that case, the court identified the factors for the fact finder to consider in determining whether a structure was a "habitation," including whether the structure was being used as a residence at the time of the crime; whether it contained bedding, furniture, utilities and other items common to a residential structure; and whether the structure was of such character that it was likely intended to accommodate persons overnight. (*Id.* at p. 209.) The court noted that although these factors are relevant, none of them is essential or dispositive.

▪ Thus, the court in *Blankenship*, *supra*, 780 S.W.2d 198, altered the standard for determining whether a structure was a "habitation" to provide that such a determination is based on a totality of the circumstances. The

sufficiency of the evidence to sustain a verdict based on "habitation" was to be decided in each case under this standard. Nevertheless, the court in *Blankenship*, and courts in later cases, continued to examine the physical status of the structure itself to determine whether it was a "habitation." (See *Soliz v. State* (Tex.Ct.App. 1990) 785 S.W.2d 438, 439 ["the status of the house at the time of the offense is the relevant query"].) Whether a person, specified or not, was living in the house, but temporarily absent, is therefore not a determinative factor. (See, e.g., *In re E.P.* (Tex.Ct.App. 1998) 963 S.W.2d 191, 192 [applying *Blankenship* factors to determine that vacant apartment that had been last occupied by tenant two weeks before offense, was not yet re-leased, and had running water and electricity was a habitation].) Thus, unlike California law, Texas law does not require that the structure be occupied or currently used as a dwelling in order for it to be a habitation.

### 3. *1974 Burglary Conviction*

Although the record submitted with respect to the 1974 Texas burglary conviction contains a Texas grand jury indictment that purports to set forth the facts of appellant's offense, there is insufficient evidence to show that the indictment is for the same burglary that was the subject of appellant's 1974 conviction. Apart from the indictment, the record of appellant's 1974 conviction discloses no facts concerning the offense for which he was convicted. We must accordingly presume that the 1974 conviction was for the least offense punishable under Texas law. (*People v. Guerrero, supra,* 44 Cal.3d at pp. 354–355.) As we have discussed, that Texas offense does not contain the element of an "inhabited" dwelling necessary for first degree burglary under California law.

#### a. *Absence of Evidentiary Connection Between Indictment and Judgment*

According to the Attorney General, the facts set forth in a grand jury indictment establish that appellant, on December 6, 1971, unlawfully entered a "house . . . occupied and controlled by Janie Garza" with the "intent then and there fraudulently to take . . . personal property . . . belonging to the said Janie Garza." There is no evidence, however, showing that the indictment is for the same burglary as that specified in the 1974 judgment and sentence. Although the grand jury indictment, as the judgment and the sentencing document, is from the District Court of Fort Bend County, Texas, it contains no case number or other information linking the burglary described to the 1974 judgment and sentence, and the record contains no other evidence to establish such a connection.

The absence of an evidentiary relationship between the indictment and the 1974 judgment is significant in light of appellant's substantial criminal

record. The record concerning appellant's 1974 burglary conviction alone contains several other documents that are apparently unrelated to that offense, including documents concerning a 1972 conviction for a narcotics sale and a 1973 conviction for theft.

### b. *Insufficiency of Evidence to Show Burglary of an Inhabited Dwelling*

█ Apart from the indictment, the record concerning appellant's 1974 burglary conviction does not disclose the facts of the offense. Absent such facts, we must presume that the 1974 conviction was for the least offense punishable under Texas law. The least offense punishable under Texas law would be burglary of a building other than a habitation (Tex. Pen. Code, § 30.02, subd. (c)(1)), which offense does not satisfy the element of entry into an inhabited dwelling house required for first degree burglary under California law. (§ 460, subd. (a).) The evidence was therefore insufficient to establish that appellant's 1974 burglary conviction was the equivalent of first degree burglary in California. (*People v. Woodell, supra,* 17 Cal.4th at p. 453.) Because there was insufficient evidence that appellant's 1974 Texas burglary conviction involved entry into an "inhabited" dwelling, a necessary element for first degree burglary under California law, we need not address the parties' arguments concerning the mental state required for burglary under Texas law and whether it satisfies the element of intent required for first degree burglary under California law. We reverse and remand as to the 1974 Texas burglary conviction for retrial in connection with resentencing.

### 4. *Sufficiency of Evidence Regarding 1992 Burglary Conviction*

The only evidence presented concerning appellant's 1992 Texas burglary conviction was a judgment stating that appellant had pled guilty to "[b]urglary of a habitation with intent to commit theft and having been twice before convicted of a felony," and a grand jury indictment that alleged appellant had "with intent to commit theft, enter[ed] a habitation owned by Julie Rangel, a person having a greater right to possession of the habitation than the Defendant . . . ." As discussed, the definition of a "habitation" under Texas law has not been the same as the definition of an "inhabited dwelling" under California law. Evidence that appellant was convicted of burglary of a "habitation," without any evidence concerning the actual offense, is therefore insufficient to prove that his conduct qualifies as a serious felony in California. We reverse and remand as to the 1992 Texas burglary conviction for retrial in connection with resentencing.

### 5. *Sufficiency of Evidence Regarding 1989 Attempted Burglary Conviction*

The evidence concerning appellant's 1989 Texas conviction for attempted burglary consists of a judgment stating that appellant pled guilty to "attempted burglary of a habitation with intent to commit burglary of a habitation" and that the offense was of the second degree, and two Texas Department of Corrections fingerprint pages that describe the crime as "ATT BUR HABIT (1)." Again, "habitation" under Texas law is different than "inhabited dwelling" under California law. There is no evidence that the "habitation" that was the subject of the attempted burglary was the equivalent of an "inhabited dwelling" under California law. The evidence was therefore insufficient to establish that appellant's crime qualifies as a serious felony under California law. We reverse and remand as to the 1989 Texas attempted burglary conviction for retrial in connection with resentencing.

## CONCLUSION

The trial court erred in finding that appellant's prior Texas convictions qualified as serious felonies under California law for purposes of sentencing enhancements. Accordingly, we reverse as to the enhanced sentences imposed pursuant to sections 667, subdivision (e)(2)(A), 1170.12, subdivision (c)(2)(A), and 667, subdivision (a)(1). We otherwise affirm the conviction.

Upon remand, in connection with sentencing enhancements, the prosecutor will have the opportunity to present additional evidence to prove that appellant's prior Texas convictions qualify as serious felonies or violent felonies as defined by California law. (*People v. Monge* (1997) 16 Cal.4th 826, 845 [66 Cal.Rptr.2d 853, 941 P.2d 1121] [additional evidence required at retrial of prior conviction allegations in order to obtain different sentencing result].) Thus, in order to have appellant's Texas burglary convictions used as enhancements, the prosecutor must introduce additional evidence to show that those burglary convictions were for crimes that contained all of the elements of first degree burglary under California law. And in order to have appellant's Texas robbery conviction used as an enhancement, the prosecutor must introduce additional evidence that the robbery conviction was for a crime that contained all the elements of robbery under California law. Moreover, the prosecutor may seek to prove that appellant's Texas convictions satisfy the elements of some other serious felony specified in section 1192.7. (See *People v. Equarte* (1986) 42 Cal.3d 456, 465 [229 Cal.Rptr. 116, 722 P.2d 890] ["a defendant's conduct may place him into the 'serious felony' classification under a number of different categories"].)

## DISPOSITION

The trial court's determinations that appellant's prior Texas convictions qualified as serious felonies under California law are reversed. The enhanced sentence imposed for appellant's California burglary conviction pursuant to sections 667, subdivision (e)(2)(A) and 1170.12, subdivision (c)(2)(A) as a result of the trial court's findings concerning the prior Texas convictions is reversed. The five-year sentence enhancements imposed for each of appellant's prior Texas convictions pursuant to section 667, subdivision (a)(1) are also reversed. The matter is remanded for retrial on the prior Texas convictions. The judgment is otherwise affirmed.

Turner, P. J., and Armstrong, J., concurred.