Filed 10/15/13  P. v. Ortiz CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER LEE ORTIZ,<br><br>     Defendant and Appellant. | A136117<br><br>(San Francisco City and County<br>Super. Ct. No. 217471) |

Christopher Lee Ortiz was convicted by jury of first degree residential burglary (Pen. Code, § 459).[1]  In a bifurcated trial, the jury also found true an allegation that Ortiz had suffered a prior "strike" conviction (§ 667, subds. (b)–(i)) in the state of Texas, which was a serious felony under section 667, subdivision (a).

Ortiz challenges only the sufficiency of the evidence to support the finding that his Texas conviction met the elements of a strike conviction under California law.  The Attorney General agrees that the evidence submitted by the prosecution was insufficient, as do we.  We therefore remand for retrial of the strike prior allegation.

## I.   BACKGROUND

Ortiz was charged by amended information with two counts of first degree residential burglary (§ 459), one count of felony receiving stolen property (§ 496), and

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

1

one misdemeanor charge of obstructing or delaying a peace officer (§ 148).[2] The information also alleged Ortiz had suffered two prior felony convictions in the state of Texas for which he had been imprisoned. (§ 667.5, subd. (b).) The information alleged that one of the prior Texas convictions qualified as a sentence enhancing strike under the three strikes law (§§ 667, subds. (d), (e), 1170.12, subds. (b), (c)), and was a serious felony under section 667, subdivision (a)(1).

On May 9, 2012, a jury returned a guilty verdict on one of the two burglary charges and made a true finding that the offense was first-degree residential burglary.[3] The following day, jury trial was held on the prior conviction allegations, and the jury found the allegations to be true.[4]

The prosecution introduced documentary evidence showing Ortiz had entered a plea of guilty to second degree felony burglary in Texas in 1998. The evidence adduced to establish the prior conviction consisted of a waiver of rights and plea form admitting a burglary of a habitation, a grand jury indictment which alleged Ortiz "intentionally and knowingly enter[ed] a habitation without the effective consent of . . . the owner thereof, and therein attempted to commit and committed theft," and the minute order of the judgment and sentence for burglary of a habitation. These documents showed that Ortiz violated section 30.02 of the Texas Penal Code, second degree felony burglary of a habitation, and was sentenced to five years in the Texas Department of Criminal Justice Institutional Division.

Defense counsel then moved for reconsideration of the court's finding on the foreign strike prior on the basis that it did not qualify as a strike under California law.

---

[2] We do not discuss the facts of the charged offenses because they are not relevant to the sole issue presented on appeal.

[3] The jury returned a verdict of not guilty on the misdemeanor charge of obstructing/delaying arrest (§ 148). The jury was unable to reach verdicts on the remaining counts and the court declared a mistrial as to those counts.

[4] Over defense objection, the court submitted only the fact of conviction to the jury, and separately determined that the Texas conduct was sufficient as a matter of law to qualify as "a violation of . . . § 459 in the first degree."

The court denied the motion.  The court imposed a midterm prison sentence of four years, doubled to eight years based on the strike allegation.  The court also imposed a five-year consecutive term pursuant to section 667, subdivision (a)(1), and stayed the one-year prison term enhancement under section 667.5, subdivision (b), for a total prison term of 13 years.

Ortiz filed a timely notice of appeal.

## II.    DISCUSSION

The sole issue raised on appeal is the sufficiency of evidence to establish that Ortiz's Texas conviction qualified as an enhancing strike under California law.  Ortiz contends that the Texas conviction was not a strike because the element of "habitation" is defined differently under California than under Texas law.  (See *People v. Rodriguez* (2004) 122 Cal.App.4th 121.)

A conviction from another jurisdiction may be used as a strike conviction if the foreign conviction "includes all of the elements of the particular . . . felony as defined in subdivision (c) of [s]ection 667.5 or . . . subdivision (c) of [s]ection 1192.7."  (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2); *People v. Avery* (2002) 27 Cal.4th 49, 53.)  While a first degree burglary is an enumerated felony for strike purposes (see §§ 667.5, subd. (c)(21), 1192.7, subd. (c)(18)), a necessary element of first degree burglary under California law is that the burglarized premises be inhabited (§ 460, subd. (a)).  Because Texas law defines a "habitation" as "a structure or vehicle that is adapted for the overnight accommodation of persons," merely alleging that Ortiz burglarized a habitation owned by someone does not establish whether that habitation was actually "inhabited" for the purposes of California law.  (See Tex. Pen. Code, § 30.01, subd. (1); *People v. Rodriguez, supra,* 122 Cal.App.4th at p. 135.)  If the record does not disclose any of the facts of the offense actually committed, the presumption is that "the prior conviction was for the least offense punishable under the foreign law."  (*People v. Guerrero* (1988) 44 Cal.3d 343, 355.)  The Attorney General, appropriately, concedes that the evidence submitted by the prosecution here failed to show that the "habitation" which Ortiz

entered in Texas qualified as an "inhabited dwelling house" under California law.  We therefore set aside the true finding on the prior felony strike allegation.

The Attorney General also correctly notes that under such circumstances, the prosecution may seek to retry the allegation and present additional evidence, if available, regarding whether Ortiz's prior conviction would qualify as a strike offense under California law.  (See *People v. Monge* (1997) 16 Cal.4th 826, 845.)

### III.    DISPOSITION

The strike finding is reversed and set aside.  The matter is remanded to the trial court for retrial on this issue.  If the People elect not to retry the strike allegation, the court will resentence Ortiz accordingly.


_____
Bruiniers, J.


We concur:


_____
Simons, Acting P. J.

_____
Needham, J.