Filed 3/18/14  P. v. Walker CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LARRY WALKER, JR.,<br><br>    Defendant and Appellant. | B248952<br><br>(Los Angeles County<br>Super. Ct. No. BA395096) |

    APPEAL from a judgment of the Superior Court of Los Angeles County, Victor H. Greenberg, Judge.  Affirmed.

    Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

    No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

Robert Larry Walker, Jr. entered a gated parking lot on March 13, 2012 and told security guards that his briefcase contained a bomb, which he threatened to explode. After arresting Walker at the scene, police destroyed the briefcase and found no evidence of explosives or incendiary devices.

The People charged Walker in an amended information with making a criminal threat (Pen. Code, § 422, subd. (a))[1] and malicious informing of a false bomb (§ 148.1, subd. (c)). The information specially alleged as to both counts that Walker had suffered a prior serious or violent felony conviction within the meaning of section 667, subdivision (a)(1), and the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12) and had served two separate prison terms for felonies (§ 667.5, subd. (b)). The prior convictions were from Texas and consisted of a 2001 conviction for robbery and a 2006 conviction for theft. Walker pleaded not guilty to the charges and denied the special allegations.

The trial court granted Walker's motion for a bifurcated jury trial on the prior conviction allegations. A jury convicted Walker on both counts. Thereafter, the People announced they were unable to proceed with the jury trial on the prior conviction allegations in light of *People v. Rodriguez* (2004) 122 Cal.App.4th 121, and the trial court dismissed the allegations.

At sentencing, the trial court denied Walker's motion to reduce the offense of making a criminal threat to a misdemeanor under section 17, subdivision (b). The court sentenced Walker to the middle term of two years in state prison for making a criminal threat, suspended imposition of sentence, and placed Walker on five years of probation on the condition he serve one year in a residential drug treatment program. The court stayed imposition of sentence for malicious informing of a false bomb pursuant to section 654. After Walker agreed to waive his 365 days of conduct credit, the court awarded him

---

[1]     All further statutory references are to the Penal Code.

presence credit consisting of 365 actual days. The court ordered Walker to pay a $40 court security fee, a $30 criminal conviction assessment, and a $240 restitution fine. The court imposed and suspended a probation revocation fine pursuant to section 1202.44.

## DISCUSSION

We appointed counsel to represent Walker on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On November 13, 2013 we advised Walker that he had 30 days to personally submit any contentions or issues he wished us to consider. We have received no response.

We have examined the record and are satisfied Walker's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

SEGAL. J.[*]

We concur:

WOODS, Acting P. J.          ZELON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.