Filed 3/29/16  P. v. Perez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ALVARADO PEREZ,<br><br>    Defendant and Appellant. | C075717<br><br>(Super. Ct. No. SF116239A) |

Convicted of attempted murder and other crimes for attacking his estranged wife with a knife and sentenced to state prison for more than 45 years to life, defendant Miguel Alvarado Perez appeals.  He contends that:  (1) the trial court violated his right to counsel when it denied his motion to relieve retained counsel at the hearing on his motion for new trial and for sentencing, and (2) there was insufficient evidence to support the court's true finding on his prior strike based on a Texas robbery.  We conclude that:

1

(1) the trial court did not violate defendant's right to counsel; however, (2) the evidence was insufficient to support the strike finding. We therefore reverse the strike finding, vacate the sentence, and remand.

## BACKGROUND

The facts concerning defendant's current convictions are not germane to discussion of the issues raised by defendant in this appeal. Most seriously, defendant entered his estranged wife's house at approximately 5:30 a.m. on October 31, 2010, and attacked her with a knife, severely injuring her and endangering the child that was with her.

A jury convicted defendant of attempted murder, infliction of corporal injury to a spouse with a knife and with great bodily injury, residential burglary with a knife, child endangerment, robbery, dissuading a witness, and contempt of court. And the trial court found true that defendant was convicted of a serious felony, based on defendant's robbery conviction in Texas in 2001.

Relying on the convictions and the prior serious felony, the trial court sentenced defendant to an aggregate term of 45 years, eight months to life in state prison.

## DISCUSSION

### I

*Right to Discharge Retained Counsel*

Defendant contends that the trial court violated his right to counsel when it, in defendant's words, "deni[ed his] motion to discharge retained counsel in order to file a new trial motion grounded on ineffective assistance [of counsel]." We conclude the contention is without merit because (1) defendant did not move to discharge retained counsel and (2), even assuming for the purpose of argument that he actually moved to discharge retained counsel, his motion was untimely and properly denied.

2

A. *Procedural Analysis*

Defendant was represented at trial by retained counsel, Michael Platt. Court trial on the prior conviction and sentencing were scheduled for December 16, 2013. Attorney Platt filed a motion for new trial on November 27, 2013, arguing absence of sufficient evidence to convict and improper admission of other-crimes evidence. On attorney Platt's request, the hearing on the new trial motion, the court trial on the prior conviction, and sentencing were continued to January 21, 2014, to allow defendant and counsel more time to confer.

Some time before the January 21 hearing, defendant attempted to file a letter with the trial court, but it was sent back to him unfiled because he was represented.

At the hearing on January 21, attorney Platt notified the court that defendant desired to make a *Marsden* motion based on ineffective assistance of counsel.[1] Counsel informed the court that he had met with defendant prior to the hearing and had conferred concerning the new trial motion and sentencing but that defendant had previously said nothing about seeking a new trial based on ineffective assistance of counsel. Counsel suggested that the court "may want" to appoint counsel on the issue of ineffective assistance of counsel.

The trial court informed defendant that he could not make a *Marsden* motion because counsel was retained. The court also informed defendant that it would not consider granting a continuance to hire new counsel. At first, the court told defendant he could fire attorney Platt and proceed unrepresented at the hearing, but, soon thereafter, the court changed its mind and told defendant it would not allow him to fire attorney Platt and proceed unrepresented at that point because it was "not going to continue the sentence" and "have him go forward unrepresented."

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

3

The court then immediately proceeded with the hearing on the new trial motion, the court trial on the prior conviction, and sentencing.

B.    *Analysis*

"The right of a nonindigent criminal defendant to discharge his retained attorney, with or without cause, has long been recognized in this state [citations] . . . ." (*People v. Ortiz* (1990) 51 Cal.3d 975, 983 (*Ortiz*).)  A defendant may discharge appointed counsel only if that lawyer is rendering inadequate representation or there exists an irreconcilable conflict between counsel and client.  (See *Marsden, supra*, 2 Cal.3d at p. 123; *People v. Lara* (2001) 86 Cal.App.4th 139, 151 (*Lara*).) A defendant represented by retained counsel, on the other hand, may discharge retained counsel at any time with or without cause.  (*Lara*, *supra*, at p. 152.)

The right to discharge retained counsel, however, is not absolute.  The trial court is entitled to consider the stage of the proceedings at which the request is made, and the effect the substitution will have on " 'orderly and expeditious' " judicial administration. The trial court may deny a request for substitution of counsel if the request "is not timely, i.e., if it will result in 'disruption of the orderly processes of justice.' " (*Ortiz*, *supra*, 51 Cal.3d at pp. 983-984.)  The court may exercise its discretion and deny the motion to discharge retained counsel if the defendant has been " 'unjustifiably dilatory' " in making the request.  (*Lara*, *supra*, 86 Cal.App.4th at p. 153.)  "[T]he 'fair opportunity' to secure counsel of choice provided by the Sixth Amendment 'is necessarily [limited by] . . . the interest in proceeding with prosecutions on an orderly and expeditious basis, taking into account the practical difficulties of "assembling the witnesses, lawyers, and jurors at the same place at the same time." ' " (*Ortiz*, *supra*, 51 Cal.3d at pp. 983-984.)

Here, defendant never made a motion to discharge retained counsel.  At the beginning of the hearing on the new trial motion, court trial on the prior conviction, and sentencing, counsel for defendant informed the trial court that defendant had "shown" him a *Marsden* motion based on ineffective assistance of counsel.  Counsel continued:

4

"Apparently he had filed something or attempted to file something and was given some correspondence back [from the trial court]. This is the first I have been made aware of that." The court informed defendant that he could not file a *Marsden* motion, but that he could fire his attorney. The court then backtracked and said defendant could not fire his attorney because no continuance would be granted to hire a new attorney and defendant would not be allowed to proceed unrepresented. In these proceedings, defendant did not move to discharge his retained attorney. In fact, it is anything but clear that defendant wanted to discharge his retained counsel at the hearing and proceed unrepresented. However, since it could be argued (even though it is not) that such a motion would have been futile given the court's statements, we continue to a discussion concerning whether the trial court should have granted a motion to discharge retained counsel. In doing so, we also note that defendant did not apply for a continuance to retain new counsel.

The trial court did not abuse its discretion in denying a hypothetical motion to discharge retained counsel because such a motion was untimely. While it appears that defendant may have tried to file a letter with the court and that the letter may have complained about the effectiveness of counsel, defendant did not apprise either his retained attorney or the court that he desired to discharge retained counsel until all parties were present to proceed on the hearing on the new trial motion, court trial on the prior conviction, and sentencing. The court, which had already granted the defense a continuance, informed the defense that it would not grant another continuance at that point. Under these circumstances, discharge of retained counsel at that late date would have disrupted the orderly processes of justice. (*Ortiz*, *supra*, 51 Cal.3d at pp. 983-984.) The court and the attorneys were assembled and ready to proceed. Therefore, the motion was untimely, and the court did not abuse its discretion in denying it.

5

## II

### *Sufficiency of Evidence of Prior Conviction*

The prosecution alleged and the trial court found that defendant committed a serious felony, relying on defendant's conviction for robbery in Texas in 2001. We conclude that the record does not support the finding that the Texas robbery was a serious (or violent) felony under California law.

A. *Relevant Law*

"Under the Three Strikes law, a prior conviction from another jurisdiction constitutes a strike if it is 'for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.' (Pen. Code §§ 667, subd. (d)(2), 1170.12, subd. (b)(2.)" (*People v. Jenkins* (2006) 140 Cal.App.4th 805, 810.) "[T]he relevant inquiry in deciding whether a particular prior conviction qualifies as a serious felony for California sentencing purposes is limited to an examination of the record of the prior criminal proceeding to determine the nature or basis of the crime of which the defendant was convicted." (*People v. McGee* (2006) 38 Cal.4th 682, 691.) "To make this determination, the court may consider the entire record of the prior conviction as well as the elements of the crime. [Citation.]" (*People v. Avery* (2002) 27 Cal.4th 49, 53.) When a defendant challenges the sufficiency of the evidence to sustain the trial court's finding that the prosecution has proven all elements of the enhancement, we must determine whether substantial evidence supports that finding. " 'The test on appeal is simply whether a reasonable trier of fact could have found that the prosecution sustained its burden of proving the enhancement beyond a reasonable doubt.' [Citation.]" (*People v. Rodriguez* (2004) 122 Cal.App.4th 121, 129.) In making this determination, we review the record in the light most favorable to the trial court's findings. (*Ibid.*)

6

B.      *Factual and Procedural Background*

In Texas, robbery is committed if, during the course of a theft, the person "(1) intentionally, knowingly, or recklessly causes bodily injury to another; or [¶] (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." (Texas Pen. Code, § 29.02, subd. (a).)  The robbery is aggravated robbery if, during the course of the robbery, the person additionally "(1) causes serious bodily injury to another; [¶] (2) uses or exhibits a deadly weapon; or [¶] (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:  [¶]  (A) 65 years of age or older; or [¶] (B) a disabled person." (Texas Pen. Code, § 29.03, subd. (a).)

A Texas grand jury indicted defendant in 2000.  The indictment did not name the crime but described it, alleging that defendant "[i]ntentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten or place Timothy Hollingsworth in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm."  These allegations supported both robbery (because during the course of a theft defendant placed the victim in fear of bodily injury or death) and aggravated robbery (because during the course of the robbery defendant used a firearm) under Texas law.

In 2001, defendant pleaded guilty to robbery (not aggravated robbery) under Texas Penal Code section 29.02.  The clerk's transcript recounting the guilty plea noted that defendant was charged by indictment but it does not adopt the facts alleged in the indictment, nor does it set forth the factual basis of the plea.  The clerk's transcript recounted:  "[T]he *information* was read, and the Defendant entered a plea of guilty thereto . . . ."  (Italics added.)  There is no indication of an information from the Texas prosecution in the exhibits presented by the prosecution.  Although it is not clear, it may have been a misstatement, referring to the indictment.  Or, possibly, there was an information charging defendant with robbery instead of aggravated robbery.  Finally, the

7

clerk's transcript recounted that evidence was submitted in support of the guilty plea, but no indication is given concerning what that evidence was, only that it was consistent with the guilty plea, which was to robbery.

A rap sheet submitted by the prosecution reflects that defendant was charged with aggravated robbery on July 3, 2000. On some unspecified date, the prosecutor in that case reduced the charge to robbery. And on January 17, 2001, defendant pleaded guilty to the robbery charge.

A serious felony (or strike) in California includes, among other things, (1) "any felony in which the defendant personally uses a firearm" (Pen. Code, § 1192.7, subd. (c)(8)), (2) "robbery" (Pen. Code, § 1192.7, subd. (c)(19)), or (3) "any felony in which the defendant personally used a dangerous or deadly weapon" (Pen. Code, § 1192.7, subd. (c)(23)).

The trial court in this case noted that robbery in Texas is not necessarily the same as robbery in California because, in Texas, robbery may be committed if the perpetrator recklessly causes bodily injury during the course of a theft and the property need not be taken from the immediate presence of the victim. In those two regards, the Texas robbery statute differs from the more limited California robbery statute, which provides: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.)

Nevertheless, the trial court concluded that the Texas robbery was a serious felony in California because defendant used a firearm. (See Pen. Code, § 1192.7, subd. (c)(8).) To support that determination, the court stated that defendant pleaded guilty to the indictment, which alleged that he used a firearm, and the indictment had not been amended.

8

C.     *Analysis*

The problem with the trial court's finding is that the record does not support the conclusion that defendant pleaded guilty based on the facts charged in the indictment. At best, the record reflects that defendant pleaded guilty based on facts charged in an information. As noted, that may have been a misstatement and actually referred to the indictment. There is no reporter's transcript from the guilty plea proceedings, which may have clarified the basis of defendant's guilty plea. Under these circumstances, the reference to an information in the clerk's transcript does not logically support the trial court's finding that defendant pleaded guilty based on the facts alleged in the indictment.

Because robbery in Texas is not necessarily a serious felony under California law and because this record does not establish that defendant actually used a firearm when he committed the Texas robbery, we cannot conclude that the record is sufficient to support the trial court's finding that the Texas robbery qualifies as a strike offense in California.

The Attorney General bases her defense of the strike finding entirely on the fact that defendant admitted the allegations of the indictment. As noted, the record does not support that argument. Accordingly, we must reverse the strike finding and remand. (See *People v. Barragan* (2004) 32 Cal.4th 236, 239, 259 [retrial of strike allegation permissible where appellate court reverses for insufficient evidence].)

DISPOSITION

The strike finding is reversed and remanded, and the sentence is vacated. In all other respects, the judgment is affirmed. If the People elect to retry the strike allegation, the trial court is directed to resentence defendant following retrial. If, within 60 days after the remittitur issues from this court, the People have not filed and served an election

9

to retry the strike allegation, the trial court is directed to dismiss the allegation and resentence defendant.**²**

_____NICHOLSON_____, Acting P. J.

We concur:

_____BUTZ_____, J.

_____RENNER_____, J.

---

**2**     As to count five, second degree robbery, the trial court sentenced defendant to a consecutive term of two years eight months; however, the abstract of judgment incorrectly reflects that defendant was sentenced to a consecutive term of only two years as to that count.  Since defendant will be resentenced at some point, we need not order amendment of the abstract of judgment.  But we note the discrepancy so that it will not be repeated.