Filed 1/6/14

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX


| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B247709 |
| Plaintiff and Respondent, | (Super. Ct. No. F458833) (San Luis Obispo County) |
| v. | |
| TOMMY SHERRELL LEADBETTER, | |
| Defendant and Appellant. | |


Tommy Sherrell Ledbetter appeals from the judgment entered after his no contest plea to assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).)[1] Appellant admitted that he had personally inflicted great bodily injury upon the victim. (§ 12022.7, subd. (a).) The trial court found true allegations of three prior serious or violent felony convictions within the meaning of California's "Three Strikes" law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) The "strikes" are 1989 Tennessee convictions for robbery and aggravated assault and a 2001 Oklahoma conviction for assault and battery with a dangerous weapon. The court also found true allegations of three prior serious felony convictions (§ 667, subd. (a)) and two prior prison terms. (§ 667.5, subd. (b).) Appellant was sentenced to prison for 39 years to life: 25 years to life for assault with a deadly weapon and the three prior strikes, plus 3 years for the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

great bodily injury enhancement, plus 10 years for two prior serious felony convictions (the Tennessee robbery conviction and the Oklahoma conviction), plus one year for one prior prison term. The court stayed sentence on the remaining prior conviction enhancements.

Appellant contends that the evidence is insufficient to prove that the two prior Tennessee convictions are serious or violent felony convictions within the meaning of the Three Strikes law and section 667, subdivision (a). We conclude that the evidence is sufficient as to the Tennessee robbery conviction, but insufficient as to the Tennessee aggravated assault conviction. We remand for resentencing or, at the prosecutor's election, retrial of the strike and section 667, subdivision (a) allegations as to the Tennessee aggravated assault conviction.

*Determination of Truth of Prior Conviction Allegations:*

*Legal Principles and Standard of Review*

"The People must prove all elements of an alleged sentence enhancement beyond a reasonable doubt. [Citation.] Where . . . the mere fact of conviction under a particular statute does not prove the offense was a serious felony, otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue. [Citations.] This rule applies equally to California convictions and to those from foreign jurisdictions. [Citations.]" (*People v. Miles* (2008) 43 Cal.4th 1074, 1082.) "The normal rules of hearsay generally apply to evidence admitted as part of the record of conviction to show the conduct underlying the conviction. [Citation.]" (*People v. Woodell* (1998) 17 Cal.4th 448, 458.) "Thus, a statement in the record of conviction that is offered to prove the truth of the matter stated must fall within an exception to the hearsay rule. [Citation.]" (*People v. Thoma* (2007) 150 Cal.App.4th 1096, 1101.) "On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution

sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt.  [Citations.]"  (*People v. Miles*, *supra*, 43 Cal.4th at p. 1083.)

*Prior Tennessee Robbery Conviction: Sufficiency of the Evidence*

For the prior 1989 Tennessee robbery conviction, the record of conviction includes an indictment, a document signed by appellant and entitled "Petition to Enter Plea of Guilty," and a judgment.  The indictment consists of two counts: the first count alleges robbery and the second count alleges aggravated assault.  The robbery count states that appellant and a codefendant assaulted Steven Joiner, put him "in fear and danger of his life, . . . and violently did steal, take and carry away from [his] person and against [his] will" two pizzas of the "value of approximately $20.00."  The judgment states that appellant pleaded guilty to "the offense of simple robbery."

Appellant argues that, because the judgment does not state that he pleaded guilty to the offense of robbery *as charged in the indictment*, the allegations in the indictment are inadmissible hearsay.  Appellant waived this issue because he failed to raise it in the trial court. (Evid. Code, § 353, subd. (a).)  Assuming, for purposes of discussion, that there was no waiver, appellant is wrong on the merits.  "[T]he trier of fact may draw *reasonable inferences* from the record presented."  (*People v. Miles*, *supra*, 43 Cal.4th at p. 1083.)  Based on appellant's "Petition to Enter Plea of Guilty," the trial court could reasonably infer that he had admitted the allegations of the indictment.  In the petition appellant stated: "I received a copy of the indictment or information, which states the charge(s) against me, before *I was required to plead to the charge(s)*.  I have read and discussed the indictment or information with my attorney."  (Italics added.)  "My attorney has explained that the Court will consider each count of each indictment or information *to which I plead 'GUILTY'* as a separate offense . . . ."  (Italics added.)  Thus, appellant impliedly pleaded guilty to robbery as charged in the indictment.  The indictment, therefore, is admissible under the admission exception to the hearsay rule.  (Evid. Code, § 1220.)

3

In any event, the Tennessee judgment alone is sufficient to show that appellant was convicted of a serious or violent felony. The judgment shows that in 1989 he pleaded guilty to robbery. At that time in Tennessee, robbery was defined as "the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear." (Tenn. Code § 39-2-501, subd. (a).) In California robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) These two statutory definitions are essentially identical, except that the Tennessee definition is more restrictive because it requires a "taking from the person of another," while the California definition requires a taking "from his person or immediate presence." Thus, the mere fact of the 1989 Tennessee robbery conviction proves both the strike and prior serious felony allegations. Robbery is both a violent and serious felony for purposes of the Three Strikes Law and section 667, subdivision (a). (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1), 667.5, subd. (c)(9)), 1192.7, subd. (c)(19).)

Appellant maintains that the Tennessee robbery conviction does not qualify as a strike because, at the time of his conviction in 1989, California recognized a claim-of-right defense to robbery but Tennessee did not. The California "Legislature over 100 years ago codified in the current robbery statute the common law recognition that a claim-of-right defense can negate the *animus furandi* element of robbery where the defendant is seeking to regain specific property in which he in good faith believes he has a bona fide claim of ownership or title." (*People v. Tufunga* (1999) 21 Cal.4th 935, 950.) The People concede that Tennessee did not recognize a claim-of-right defense. (See *Elliott v. State* (1970) 2 Tenn.Crim.App. 418, 454 S.W.2d 187, 188 ["even if the property the defendant alleged was stolen from him had been the very watch and ring later taken [by the defendant] from the person of the victim, the jury would still have been justified in finding the crime of robbery was perpetrated"].)

4

Appellant contends that, based on the record of conviction, it cannot be determined whether he took the victim's two pizzas under a claim of right and, therefore, whether he would have been guilty of robbery pursuant to California law. The contention lacks merit. The indictment alleges that appellant "violently did steal" the two pizzas. Appellant impliedly admitted this allegation when he pleaded guilty. Appellant could not have stolen the two pizzas if he had believed in good faith that the pizzas were his personal property. "[T]o steal means 'to be a thief; practice theft.' [Citations.]" (*People v. Parson* (2008) 44 Cal.4th 332, 352.) "The intent to steal . . . is the intent, *without a good faith claim of right*, to permanently deprive the owner of possession. [Citation.]" (*People v. Davis* (1998) 19 Cal.4th 301, 305, italics added.) "[O]ne cannot feloniously intend to steal one's own property." (*People v. Tufunga*, *supra*, 21 Cal.4th at p. 953, fn. 5.)

Appellant would not prevail even if the indictment had not alleged that he had stolen the pizzas. A prior conviction from another jurisdiction qualifies as a serious or violent felony if the prior conviction "is for an offense that includes all of the elements of a particular violent felony as defined in subdivision (c) of Section 667.5 or serious felony as defined in subdivision (c) of Section 1192.7." (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2).) In California the absence of a claim of right defense is not an element of robbery. (*People v. Kelley* (1990) 220 Cal.App.3d 1358, 1366 ["The elements of robbery are (1) a taking of personal property, (2) from the person or immediate presence of another, (3) through the use of force or fear, (4) with an intent to permanently deprive the owner of his property"].) Since the 1989 Tennessee robbery conviction includes all of the elements of robbery under California law, it qualifies as a conviction for a serious or violent felony.

5

*Prior Tennessee Aggravated Assault Conviction:*

*Sufficiency of the Evidence*

For the prior Tennessee aggravated assault conviction, the record of conviction includes the indictment (the robbery is count 1 and the aggravated assault is count 2), appellant's signed petition to enter a guilty plea, and the judgment, which states that he pleaded guilty to aggravated assault. The People concede that the evidence is insufficient because the record of conviction does not show that appellant personally inflicted great bodily injury upon the victim.

We accept the concession. The aggravated assault charge alleges that appellant and the same codefendant named in the robbery charge "did cause serious bodily injury to Steven Joiner willfully, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." In California aggravated assault (§ 245, subd. (a)) qualifies as a serious felony only if the defendant personally inflicted great bodily injury or personally used a firearm or a dangerous or deadly weapon. (§ 1192.7, subd. (c)(8), (23); *People v. Delgado* (2008) 43 Cal.4th 1059, 1067.) Aggravated assault qualifies as a violent felony only if the defendant personally inflicted great bodily injury or personally used a firearm. (§ 667.5, subd. (c)(8).) The indictment does not allege that appellant personally used a firearm or a dangerous or deadly weapon. The indictment alleges that appellant and his codefendant inflicted "serious bodily injury" upon the victim, but it does not indicate whether the injury was personally inflicted by appellant. The codefendant could have been the actual perpetrator of the assault, with appellant acting as an aider and abettor.

The People also concede that the record of conviction is insufficient to prove the requisite intent for aggravated assault under California law because the Tennessee conviction may have been based on merely reckless conduct. At the time of appellant's 1989 conviction, under Tennessee law a person could be convicted of aggravated assault if he had "recklessly" caused serious bodily injury "under circumstances manifesting extreme indifference to the value of human life." (Tenn.

6

Code § 39-2-101, subd. (b)(1).) The Tennessee indictment alleges that appellant and his codefendant "willfully, knowingly or recklessly" caused serious bodily injury to the victim. In California mere recklessness is insufficient to constitute an assault. (*People v. Williams* (2001) 26 Cal.4th 779, 788.)

We do not accept the People's concession that the record of conviction is insufficient to prove the requisite intent for aggravated assault under California law. The trial court was entitled to consider the Tennessee indictment's aggravated assault charge together with the robbery charge. (*People v. Miles*, *supra*, 43 Cal.4th at p. 1082 [admissible evidence from entire record of conviction may be considered].) Both offenses were committed by the same persons against the same victim on the same date. The trial court could reasonably infer that the aggravated assault was not merely a reckless act but was intentionally committed for the purpose of facilitating the robbery. The robbery charge alleges that appellant "unlawfully and feloniously did make an assault upon" the victim. Accordingly, the record of conviction sufficiently establishes the requisite intent for aggravated assault under California law.

### *Remand*

The People "note[] that . . . appellant's Tennessee robbery conviction, along with appellant's Oklahoma [conviction for assault and battery with a dangerous weapon], would support his current three strike sentence." Nevertheless, the People request that the matter be remanded to the trial court for retrial of the strike allegation as to the 1989 Tennessee aggravated assault conviction. The People are entitled to remand for this purpose: "[R]etrial of a strike allegation is permissible where a trier of fact finds the allegation to be true, but an appellate court reverses that finding for insufficient evidence." (*People v. Barragan* (2004) 32 Cal.4th 236, 239.)

7

*Disposition*

The finding that appellant's 1989 Tennessee aggravated assault conviction constitutes a serious or violent felony conviction within the meaning of the Three Strikes law and section 667, subdivision (a) is vacated.  The matter is remanded to the trial court for resentencing or, at the prosecutor's election, retrial of the strike and section 667, subdivision (a) allegations as to the prior aggravated assault conviction. In all other respects, the judgment is affirmed.

**YEGAN, J.**

We concur:

GILBERT, P.J.

PERREN, J.

8

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Seth P. McCutcheon, Deputy Attorney General, for Plaintiff and Respondent.