Filed 6/20/22  P. v. Ochoa CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOSE ROLANDO OCHOA, <br><br> Defendant and Appellant. | F082167 <br><br> (Super. Ct. No. VCF400787) <br><br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County. Jennifer Conn Shirk, Judge.

Cynthia A. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and David A. Lowe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Jose Rolando Ochoa contends on appeal that his three-year probationary term must be reduced to two years because Assembly Bill No. 1950's (2019–2020 Reg. Sess.) (Assembly Bill 1950) amendments to Penal Code section 1203.1[1] must be applied to his case. The People agree that amended section 1203.1 applies but contend that defendant's case must be remanded to the trial court for modification of his probation term. In accordance with Assembly Bill 1950, defendant's three-year probationary term is reduced to two years, and the trial court is directed to amend its records to reflect this modification. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On August 28, 2020, the Tulare County District Attorney filed a first amended complaint charging defendant with felony possession of a controlled substance with a specified prior conviction (Health & Saf. Code, § 11377, subd. (a); count 1), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)(1); count 2).

On October 27, 2020, defendant pled no contest to both counts. The parties stipulated to a factual basis for the plea based on the reports on file with the trial court. The court placed defendant on a period of three years of formal probation subject to various terms and conditions.

On December 15, 2020, defendant filed a notice of appeal.

## DISCUSSION[2]

Defendant contends his three-year probationary term must be reduced to two years under section 1203.1, as amended by Assembly Bill 1950. The People agree, as do we.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] Because defendant raises only sentencing issues, the facts underlying the offense are not relevant and are omitted from this opinion.

Assembly Bill 1950 amended section 1203.1, subdivision (a), limiting probation in felony cases to two years. (Stats. 2020, ch. 328, § 2.)[3] Section 1203.1, subdivision (a) now reads,

> "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine." (§ 1203.1, subd. (a).)

Assembly Bill 1950 went into effect on January 1, 2021. Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the amendment lessens punishment. (*Estrada*, at p. 744.) If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Estrada*, at p. 745.) As Assembly Bill 1950's amendments to section 1203.1, subdivision (a), lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. Therefore, the amendment to section 1203.1, subdivision (a), applies to all cases not final on Assembly Bill 1950's effective date. (*Estrada*, at pp. 745–746; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

---

**3** Section 1203.1, subdivision (*l*) provides that the two-year limitation in subdivision (a) does not apply to violent felonies, offenses specifying the length of probation within their provisions, and certain theft offenses where the value of the property stolen exceeds $25,000. However, these exceptions are not applicable to defendant's case.

As the parties agree, defendant's case was not final on January 1, 2021, and he was sentenced to three years of probation under former section 1203.1, subdivision (a). We agree. Defendant is entitled to the benefit of Assembly Bill 1950.

Defendant seeks modification of his probation term on review, but the People contend that remand is the appropriate remedy. As defendant was sentenced to a three-year probation period for a felony under former section 1203.1, we conclude that defendant is entitled to modification pursuant to Assembly Bill 1950's amendments to section 1203.1 of his probation term to no more than two years.[4] We have the authority to modify defendant's probation term on review (§ 1260), and we need not remand a matter when it would be an idle act wasteful of judicial resources. (*People v. Ledbetter* (2014) 222 Cal.App.4th 896, 904.) We reduce defendant's three-year probationary term to two years, in accordance with amended section 1203.1.

## DISPOSITION

In accordance with Assembly Bill 1950, defendant's three-year probationary term is reduced to two years, and the trial court is directed to amend its records to reflect this modification. In all other respects, we affirm.

---

[4] Pursuant to section 1203.3, subdivision (a), "[t]he [trial] court [retains] the authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence." (§ 1203.3, subd.(a).)